UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                                :
DEMETRIUS JAMISON,              :
                                :
        Plaintiff,              :    Civ. No. 16-9137 (NLH)(KMW)
                                :
    v.                          :    OPINION
                                :
WARDEN HOLLINGSWORTH, et al.,   :
                                :
        Defendants.             :
_____:
```

APPEARANCE:
Demetrius Jamison
Fairton Federal Correctional Institution
Fairton, NJ 08320
   Plaintiff *Pro se*

HILLMAN, District Judge

   The plaintiff, Demetrius Jamison, is a federal prisoner

incarcerated at Fairton Federal Correctional Institution in

Fairton, New Jersey. He is proceeding pro se seeking monetary

relief for alleged violations of his rights pursuant to the

Fifth Amendment and Eighth Amendment, the Federal Tort Claims

Act and Bivens v. Six Unknown Named Agents of the Federal Bureau

of Narcotics, 403 U.S. 388 (1971). (ECF No. 1 at 11).

   Plaintiff submitted an application to proceed in forma

pauperis on December 12, 2016. (ECF No. 1). In an order dated

December 30, 2016, the Court denied Plaintiff's application to

proceed in forma pauperis.  (ECF No. 4).  Plaintiff subsequently
paid the filing fee on January 17, 2017.

At this time, the Court must screen the Complaint to
determine whether it should be dismissed as frivolous or
malicious, for failure to state a claim upon which relief may be
granted, or because it seeks monetary relief from a defendant
who is immune from suit pursuant to 28 U.S.C. § 1915A.  For the
reasons set forth below, this Court will dismiss with prejudice
Plaintiff's claims against Defendants Hollingsworth, Ibe, Bynum
and Wilk in their official capacity.  Additionally, the claims
against Defendants Hollingsworth, Ibe, Bynum, and Wilk, in their
individual capacity, are dismissed without prejudice.  The
Federal Tort Claims Act claims against Defendants Hollingsworth,
Ibe, Bynum, and Wilk are dismissed with prejudice.  Finally, the
Federal Tort Claims Act claim against the United States of
America is dismissed without prejudice.

BACKGROUND

Plaintiff was formally incarcerated at the Federal
Correctional Institution at Fort Dix, New Jersey ("FCI").  (ECF
No. 1 at 16-18).  The allegations of the complaint will be
construed as true for purposes of this screening opinion.  The
complaint names five defendants: (1) Warden Hollingsworth -
Warden at FCI; (2) Chigozie Ibe - IDC/IOP at FCI; (3) M. Bynum -

2

RN at FCI; (4)Jeff Wilk – EMT at FCI; and (5) the United States of America.

In his Complaint, Plaintiff alleges <u>inter alia</u> the following. The prison's failure to provide prompt and adequate medical care after Plaintiff was assaulted by another inmate on April 10, 2016, was in violation of his Constitutional rights. Plaintiff alleges that on April 10, 2016, an inmate struck Plaintiff with a "lock-in-a-sock" that left the Plaintiff unconscious. (ECF No. 1 at 17). Plaintiff was examined by prison medical staff and determined to be "okay" although Plaintiff thought otherwise. (<u>Id.</u>)

Plaintiff was subsequently assigned to the Segregated Housing Unit ("SHU"), for almost three months. While in the SHU, Plaintiff complained of bleeding from his left nostril, which he claims went ignored, other than the administration of "a few pills", despite Plaintiff filing several administrative grievances. (<u>Id.</u>) Plaintiff posits that a medical staff deficiency at the facility resulted in the inadequate response to his complaints about excessive bleeding. (<u>Id.</u>) Plaintiff was taken to the hospital on June 15, 2016, and returned the next day. The complaint is silent about what kind of care he received during his hospital visit but Plaintiff makes clear that he did not undergo surgery. (<u>Id.</u>)

Two weeks later, Plaintiff was transferred to Fairton Federal Correctional Institution. A day later he was taken to the hospital, where a "left parital [sic] craniotomy was performed to remove [a] subacute subdural hematoma." (Id.) Plaintiff remained in the hospital for an additional two weeks until his transfer to a rehabilitation center. (ECF No. 1 at 18). Upon his transfer to Fairton, Plaintiff initiated his administrative remedies. (Id.)

Plaintiff brings claims alleging violations of the Federal Tort Claims Act and his Fifth and Eighth Amendment rights. (ECF 1 at 4). He argues that Defendants' actions resulted in his physical and mental suffering, which includes symptoms such as altered mental status, dizziness, nightmares, vision loss/changes, headaches, etc. (ECF No. 1 at 10). He seeks relief in the form of monetary damages totaling an amount of 15 million dollars. (Id.)

## I. STANDARDS OF REVIEW

### A. Sua Sponte Dismissal

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915 (A)(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6)motions. *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008)(discussing legal standard applied to both § 1915(A)and §

12(b)(6)).  Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93(2007) (citations omitted).

While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ....  Factual allegations must be enough to raise a right to relief above the speculative level . . . " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

That is, a complaint must assert "enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

"The plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Connelly v. Lane Const. Corp., 809 F.3d 780, 786-87 (3d Cir. 2016) (quoting Iqbal, 556 U.S. at 679); see also Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012) (citations omitted). Thus, a court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citations omitted).

In general, where a complaint subject to statutory screening can be remedied by amendment, a district court should not dismiss the complaint with prejudice, but should permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (noting that leave to amend should be granted "in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment"), cited in Thomaston v. Meyer, 519 F. App'x 118, 120 n.2 (3d Cir. 2013); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

Finally, in determining the sufficiency of a pro se complaint, the Court must be mindful to accept its factual allegations as true, see James v. City of Wilkes-Barre, 700 F.3d

675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

   B. Bivens Actions

      In Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), the Supreme Court held that a violation of the Fourth Amendment by a federal agent acting under color of his authority gives rise to a cause of action against that agent, individually, for damages.  The Supreme Court has also implied damages remedies directly under the Eighth Amendment, see Carlson v. Green, 446 U.S. 14,(1980), and the Fifth Amendment, see Davis v. Passman, 442 U.S. 228 (1979).  But "the absence of statutory relief for a constitutional violation does not necessarily mean that courts should create a damages remedy against the officer responsible for the violation."  Schreiber v. Mastrogiovanni, 214 F.3d 148, 152 (3d Cir. 2000) (citing Schweiker v. Chilicky, 487 U.S. 412 (1988)); see also Ziglar v. Abbasi, 137 S.Ct. 1843, 1857 (2017) ("expanding the Bivens remedy is now a 'disfavored' judicial activity").

Bivens actions have been considered the federal counterpart to § 1983 actions brought against state officials who violate federal constitutional or statutory rights.  See Egervary v. Young, 366 F.3d 238, 246 (3d Cir. 2004), cert. denied, 543 U.S. 1049 (2005).  Both are designed to provide redress for constitutional violations.  Thus, while the two bodies of law are not "precisely parallel", there is a "general trend" to incorporate § 1983 law into Bivens suits.  See Chin v. Bowen, 833 F.2d 21, 24 (2d Cir. 1987).[1]

In order to state a claim under Bivens, a claimant must show: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law.  See Couden v. Duffy, 446 F.3d 483, 491 (3d Cir. 2006) (stating that under Section 1983 "an individual may bring suit for damages against any person who, acting under color of state law, deprives another individual of any rights, privileges, or immunities secured by the United States Constitution or federal law," and that Bivens held that a

---

[1] The Court's finding that a Bivens remedy is appropriate for this claim is made for purposes of screening only.  Defendants are not precluded from arguing that under the test set forth in Ziglar v. Abbasi, 137 S.Ct. 1843 (2017), extending a Bivens remedy to the unique circumstances in this case is inappropriate.

parallel right exists against federal officials); <u>see also</u>

<u>Correctional Services Corp. v. Malesko</u>, 534 U.S. 61, 66 (2001).

C. <u>Personal Involvement</u>

"[A] party may establish liability for deprivation of a

constitutional right only through a showing of personal

involvement by each defendant." <u>Farrar v. McNesby</u>, 639 F. App'x

903, 906-907 (3d Cir. 2016) (citing <u>Rode v. Dellarciprete</u>, 845

F.2d 1195, 1207 (3d Cir. 1988)). "Personal involvement may be

shown through personal direction, actual participation in the

alleged misconduct, or knowledge of and acquiescence in the

alleged misconduct." <u>Id.</u>; <u>see also</u> <u>Tenon v. Dreibelbis</u>, 606 F.

App'x 681, 688 (3d Cir. 2015).

## II. <u>DISCUSSION</u>

Plaintiff devotes the majority of his Complaint describing

the prison staff's alleged unresponsiveness to his requests for

medical treatment. Plaintiff does not explicitly state which of

the alleged acts violated his Fifth and Eighth Amendment rights,

nor his rights under the Federal Torts Claims Act. As set forth

above, in order to state a cause of action under <u>Bivens</u>, a

claimant must show (1) a deprivation of a right secured by the

Constitution and laws of the United States; and (2) that the

deprivation of the right was caused by an official acting under

color of federal law. <u>See</u> <u>Couden</u>, 446 F.3d at 491.

Nevertheless, in construing Plaintiff's Complaint liberally as this Court must, see Haines, 404 U.S. at 520-21, it appears that Plaintiff may be attempting to assert a Fifth Amendment claim alleging due process violations and an Eighth Amendment claim alleging inadequate medical care.

## A. Sovereign Immunity

Plaintiff names Warden Hollingsworth, Chigozie Ibe of FCI-Fort Dix, M. Bynum of FCI-Fort Dix and Jeff Wilk of FCI-Fort Dix, as defendants in their official capacity. However, an action against prison officials in their official capacity constitutes an action against the United States. Webb v. Desan, 250 F. App'x 468,471 (3d Cir. 2007) (citing Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 72 (2001)). Bivens claims against the United States are barred by sovereign immunity, absent an explicit waiver. Id. Therefore, Plaintiff's claims against all defendants in their official capacity are dismissed with prejudice.

## B. Fifth Amendment

Plaintiff cites to the Fifth Amendment which this Court construes as attempting to bring an equal protection claim. The Bivens doctrine has been extended to cases arising under the Due Process Clause of the Fifth Amendment. Davis v. Passman, 442 U.S. 228, (1979). Moreover, the "Supreme Court has construed

the Fifth Amendment's Due Process Clause as containing an equal protection guarantee." Mack v. Warden Loretto FCI, 839 F.3d 286, 305 n.12 (3d Cir. 2016)(citations omitted). To state an equal protection claim, Plaintiff must allege that he was treated differently than other similarly situated inmates, and this different treatment was the result of intentional discrimination based on his membership in a protected class. Id. at 305. The Third Circuit has also recognized a "class of one" theory when "a plaintiff states a claim for violation of the Equal Protection clause when he 'alleges that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" Mosca v. Cole, 217 F. App'x 158, 164 (3d Cir. 2007) (citing Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)). Moreover, "Plaintiffs must allege and (ultimately prove) 'intentional discrimination.'" Hassan v. City of New York, 804 F.3d 277, 294 (3d. Cir. 2015) (internal quotation marks omitted) (quoting Washington v. Davis, 426 U.S. 229, 241 (1976); Pers. Adm'r of Mass. V. Feeney, 442 U.S. 256, 276 (1979))).

Here, Plaintiff provides no factual basis for an equal protection claim. His complaint is silent about what, if any, protected class he identifies with. Even if Plaintiff is

raising a class of one equal protection claim, he has not
provided any information to support that he was treated
differently than other similarly situated inmates.

Furthermore, as set forth above, to establish liability
under <u>Bivens</u>, a plaintiff must show personal involvement by each
defendant. <u>Farrar</u>, 2016 WL 759571, at *2. However, Plaintiff
has failed to mention the named defendants in the body of his
Complaint. It is unclear from the Complaint whether these
defendants knew of the conditions described by Plaintiff, and
what discriminatory action they engaged in. Accordingly, any
Fifth Amendment claims must be dismissed without prejudice as to
all defendants in their individual capacity.

C. <u>Eighth Amendment</u>

Prison conditions can run afoul of the Eighth Amendment's
proscription on cruel and unusual punishment by either ignoring
"evolving standards of decency" or involving "unnecessary and
wanton infliction of pain." <u>See</u> <u>Rhodes v. Chapman</u>, 452 U.S.
337, 346 (1981) (citations omitted). To assert an Eighth
Amendment claim resulting from an inmate's conditions of
confinement, a prisoner must first show that the alleged
deprivation is "sufficiently serious" and that the prisoner has
been deprived of the "minimal civilized measure of life's
necessities." <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994). A

prisoner must then show that prison officials recognized the deprivation and demonstrated "deliberate indifference" to the prisoner's health or safety.  Id.  Only "extreme deprivations" are sufficient to present a claim for unconstitutional conditions of confinement.  See Fantone v. Herbik, 528 F. App'x 123, 127 (3d Cir. 2013) (quoting Hudson v. McMillian, 503 U.S. 1, 8–9 (1992)).  Moreover, the Third Circuit has previously identified that a prison official's failure to address "serious known medical care deficiencies" within the prison, notwithstanding the official's ignorance about a particular inmate's medical need, constitutes behavior that rises to the level of deliberate indifference.  Barkes v. First Correctional Medical, Inc., 766 F.3d 307, 324 (3d Cir. 2014), rev'd on other grounds, Taylor v. Barkes, 135 S.Ct. 2042 (2015).

Here, Plaintiff alleges that the prison staff's negligence and deliberate indifference to the injuries that he sustained after being attacked by a fellow inmate, resulted in further physical complications as well as emotional and psychological harm.

1. Warden Hollingsworth

Plaintiff first names Warden Hollingsworth of FCI as a defendant in this action.  (ECF No. 1 at 1).  It appears that Plaintiff is making a supervisory liability claim against

Hollingsworth, as warden of the correctional facility. While such a claim may apply against this defendant, Plaintiff has not pled facts supporting defendant's culpability with respect to the deliberate indifference claim.

A supervisory liability claim is assessed applying one of the two following rubrics. A supervisor can be held liable if they "established and maintained a policy or custom which directly caused the constitutional harm and another under which they can be liable if they participated in violating plaintiff's rights, directed others to violate them, or as the persons in charge, had knowledge of and acquiesced in their subordinates' violations." Parkell v. Danberg, 833 F.3d 313, 330 (3d Cir. 2016) (quoting Santiago v. Warminster Twp., 629 F.3d 121, 129 n.5 (3d Cir. 2010)).

Plaintiff does not appear to be making a policymaker claim against Defendant Hollingsworth but rather a claim that Hollingsworth had knowledge of the alleged violations against him. Plaintiff also alleges that his inability to receive adequate medical care was exacerbated by the prison's medical staff shortage.

First, with respect to the allegations that prison officials knew of the alleged violations, Plaintiff's only supporting factual allegations are that he filed multiple

administrative grievances throughout the period that he was
denied medical care.  While these complaints may have been
received by prison personnel, he has not alleged facts that
indicate that Defendant Hollingsworth had personal knowledge of
these particular complaints, no matter how numerous.  Second,
Plaintiff's allegation that the inadequate medical care was a
result of a medical staff shortage is not founded in any facts.
Plaintiff does not identify any details that establish that
there may have been a medical staff shortage.  This Court cannot
analyze Defendant Hollingsworth's potential liability under this
framework without additional facts about the prison's medical
staffing situation during the period which Plaintiff suffered
these harms.  For this reason, Plaintiff's Eighth Amendment
claims against Defendant Hollingsworth are dismissed without
prejudice.

   2. Chigozie Ibe, M. Bynum, RN, Jeff Wilk, EMT

     Plaintiff next names Chigozie Ibe IDC/IOP, M Bynum, RN and
Jeff Wilk, EMT of FCI as defendants in their individual
capacity.  Plaintiff has not linked Ibe, Bynum nor Wilk with any
of the factual allegations.  With respect to Defendant Ibe,
Plaintiff has not even described Ibe's role within the prison.
Liberally construing Plaintiff's complaint, this Court presumes
that Ibe is a member of the prison's medical staff.

Accordingly, this Court will assess all three of the defendants' liability under the Eighth Amendment deliberate indifference standard outlined above.

Plaintiff's complaint refers to overall inattentive care by prison staff throughout the relevant period. Although Plaintiff does not clearly articulate what medical professionals told him during his visits after the April 10th attack, Plaintiff's complaint supports a strong inference that he considered the eventual surgery he underwent months later to have been necessary all along and unduly delayed by the prison's neglect or disregard. However, the complaint is silent about salient facts such as: how soon after the attack he was originally seen by medical professionals, what Plaintiff was informed at his initial post-attack medical visits, what the pills that he was given after complaining of bleeding from his left nostril were meant to alleviate and what medical professionals indicated was the source of the injury that eventually required surgery. It is worth noting that "[a] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle v. Gamble, 429 U.S. 98, 106 (1976); Pearson v. Prison Health Serv.,

850 F.3d 526, 538 (3d Cir. 2017) (quoting Estelle, 429 U.S. at 106).

Plaintiff has failed to adequately plead an Eighth Amendment cause of action against these defendants. Even assuming that Plaintiff's vague description of his injury sufficiently describes a serious medical need, Plaintiff does not provide any factual allegations that relate to any of the named defendants. The Complaint does not allege that any defendant acted with deliberate indifference, thus, Plaintiff has not set forth a claim for inadequate medical care.

Because Plaintiff has failed to explain how each of the named defendants either participated in, or knew of, the alleged constitutional deprivations described in the Complaint, his claims under Bivens will be dismissed without prejudice. For these reasons, Plaintiff's Eighth Amendment claims against Defendants Ibe, Bynum and Wilk in their individual capacities, will also be dismissed without prejudice.

D. Federal Tort Claims Act

The United States has sovereign immunity except where it consents to be sued. United States v. Bormes, 133 S. Ct. 12, 16, 184 L. Ed. 2d 317 (2012); United States v. Mitchell, 463 U.S. 206, 212 (1983). In the absence of such a waiver of immunity, Plaintiff cannot proceed in an action for damages

against the United States. See FDIC v. Meyer, 510 U.S. 471, 484–87, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994).

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401, 2671, et seq., constitutes a limited waiver of the sovereign immunity of the United States. 28 U.S.C. § 2679(b)(1); White-Squire v. United States Postal Service, 592 F.3d 453, 456 (3d Cir. 2010). The FTCA gives a district court exclusive jurisdiction over civil actions:

> [1] against the United States, [2] for money damages, ... [3] for injury or loss of property, ... [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995) (quoting 28 U.S.C. § 1346(b)); see also United States v. Muniz, 374 U.S. 150 (1963).

A plaintiff may sue only the United States under the FTCA, and the plaintiff must first present the claims to a federal agency and receive a final decision before filing a lawsuit. 28 U.S.C. §§ 1346(b), 2675(a); McNeil v. United States, 508 U.S. 106, 111 (1993); see also Coffey v. Fed. Bureau of Prisons, No. 15-231, 2015 WL 2185518, at *4 (D.N.J. May 11, 2015).

Under the FTCA, a plaintiff must commence an action against the United States within six months of the notice of final denial by the agency to which it was presented. See 28 U.S.C. § 2401(b). This administrative exhaustion "requirement is jurisdictional and cannot be waived." Shelton v. Beldsoe, 775 F.3d 554, 569 (3d Cir. 2015)(citation omitted). "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." McNeil, 508 U.S. at 113.

Plaintiff has not established that a proper FTCA claim was filed. Hoffenberg v. United States, No. 10-2788, 2012 WL 3079117, at * 5(D.N.J. 2012)(citation omitted). Plaintiff alleges that he "initiated" his administrative remedies shortly upon his transfer to Fairton FCI, which was on or about June 30, 2016.[2] (ECF No. 1 at 13). His complaint in this court was filed on December 12, 2016. Thus, not only has he not alleged that a final agency denial was filed, but also, at the time of his filing in this court he had not yet allowed the Federal Bureau

---

[2] Exhausting the prison administrative remedy process is not the same as exhausting an FTCA claim. *Knight v. Kaminski*, No. 3:CV-05-18, 2007 WL 9618480, at *6 (M.D. PA. 2007).

of Prisons the six-months permitted under 28 U.S.C. § 2675(a) to respond to his administrative tort claim.[3]

Accordingly, Plaintiff has not met the prerequisites for filing suit under the FTCA and his claims for negligence against the United States under the FTCA are dismissed without prejudice at this time.

## E. PROPER DEFENDANTS

In a suit pursuant to the FTCA, the only proper defendant is the United States.  See Murchison v. Warden Lewisburg USP, 566 F. App'x 147, 150 (3d Cir. 2014) (citations omitted). Accordingly, to the extent Plaintiff is seeking to bring a FTCA claim against Defendants Hollingsworth, Ibe, Bynum and Wilk, it will be dismissed with prejudice against these named defendants.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss with prejudice Plaintiff's claims against Defendants Hollingsworth, Ibe, Bynum and Wilk in their official capacity; dismiss without prejudice Plaintiff's Fifth and Eighth Amendment claims against Defendants Hollingsworth, Ibe, Bynum and Wilk; dismiss with prejudice Plaintiff's Federal Tort Claims Act claim against Defendants Hollingsworth, Ibe, Bynum and Wilk; and dismiss

---

[3] The Court assumes Plaintiff filed the correct claim under 28 U.S.C. § 2675(a).

without prejudice Plaintiff's Federal Tort Claims Act claim against the United States of America. Because it is possible that Plaintiff may be able to amend or supplement his Complaint with facts sufficient to overcome the deficiencies noted herein, Plaintiff will be given leave to file, within 45 days, an application to amend accompanied by a proposed amended complaint. See Denton, 504 U.S. at 34; Grayson, 293 F.3d at 108.

An appropriate Order follows.


Dated: March 12, 2018                    s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN
                                 United States District Judge